OPINION
{¶ 1} The plaintiffs-appellants, Helen J. Hough, et al., appeal the judgment of the Crawford County Court of Common Pleas, granting summary judgment on behalf of the appellee, EMC-Hamilton Insurance Co. Finding none of the arguments advanced on appeal to have merit, we affirm the decision below.
 {¶ 2} The pertinent facts and procedural history are as follows. On January 24, 1997, Ms. Hough was injured in a car accident in West Palm Beach, Florida. Sheree Baxter Boatwright collided with a vehicle driven by Linda M. Osterhoudt, sending the Osterhoudt vehicle into Ms. Hough's vehicle. Osterhoudt was allegedly at fault for failing to maintain a safe distance. Ms. Hough claims to have suffered injuries requiring medical care as a result of the collision. A case against the tortfeasors is pending in Palm Beach County, Florida.
 {¶ 3} The appellants filed a complaint against the appellee, with which she has a homeowner's policy, asserting that the policy should be deemed to provide uninsured/underinsured motorist coverage. The appellee filed for summary judgment, contending that the uninsured/underinsured motorist coverage did not exist by operation of law under the homeowner policy. The trial court agreed and granted summary judgment on behalf of the appellee on April 11, 2002.
 {¶ 4} The appellant now appeals asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR {¶ 5} "The Hamilton Homeowners Policy provides UM/UIM coverage by operation of law."
 {¶ 6} In her sole assignment of error, the appellants argue that the trial court erred by finding that the EMC-Hamilton homeowner's policy did not provide uninsured /underinsured motorist coverage by operation of law. The appellee contends that the EMC-Hamilton homeowners policy is not a motor vehicle liability insurance policy merely because of its limited incidental coverage for certain classifications of motorized vehicles and only if operated by a "residence employee," in the course of employment by the insured.
 {¶ 7} The relevant portion of the appellants' homeowner policy reads:
 {¶ 8} "Section II — Exclusions"
 {¶ 9} "Coverage E-Personal Liability and Coverage F-Medical Payments to Others do not apply to bodily injury or property damage:
 {¶ 10} "e. arising out of:
 {¶ 11} "(1) the ownership, maintenance, use, loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an insured;
 {¶ 12} "* * *
 {¶ 13} "Exclusions d., e., f., and g. do not apply to bodily injury to a residence employee arising out of and in the course of the residence employee's employment by an insured."
 {¶ 14} In Boughan v. Grange Mutual Ins. Co., this Court addressed the same issue as that which is currently before the court: namely, whether a homeowners policy should be construed as a motor vehicle liability policy so that uninsured/underinsured coverage is created by operation of law.[1] We held that the inclusion of a "residence employee" exception in a homeowners policy does not transform that policy into an automobile insurance policy subject to the requirements of former R.C. 3937.18.[2]
 {¶ 15} Based on the foregoing authority, the appellant's sole assignment of error is overruled and the judgment of the Crawford County Court of Common Pleas is affirmed.
Judgment affirmed.
 SHAW, P.J., and WALTERS, J., concur.
[1] Allen App. No. 1-02-16, 2002-Ohio-3393.
[2] Id.